967 F.2d 587
 1992 Copr.L.Dec. P 26,933
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sheri KAPUST, an individual Plaintiff-Appellant,
v.
BLUEBIRD SYSTEMS, INC., a corporation; Budget Rent-A-Car of
Southern California, a partnership d/b/a Budget
Rent-A-Car of Beverly Hills, Defendants-Appellees.
 No. 91-55445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 19, 1992.
Decided June 19, 1992.
 
 Before CANBY, REINHARDT and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shirley Kapust appeals the grant of summary judgment on her copyright infringement claims. Our review of this decision is de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Because Kapust has settled her claim against Bluebird Systems, Inc., we need only consider her claim against Budget Rent-a-Car of Southern California.
 
 DISCUSSION
 
 3
 Even if it is assumed that Kapust had ownership rights in the Auto Rental System, she still cannot prevail against Budget. Kapust created the work at Budget's request[1] and handed it over, intending that the defendants copy and distribute it. Moreover, Kapust was so concerned about safeguarding the licensing deal between Budget and Bluebird for distribution of the programs that she ignored her attorney's advice and refrained from objecting to Budget or notifying Budget of any claim that her ownership rights were being infringed.[2] Although Kapust now claims that Bluebird fraudulently induced her not to intervene, this alleged fraud is irrelevant to the case against Budget. See generally Restatement (Second) of Contracts § 164 comment e (1981). Accordingly, we hold that Kapust implicitly granted Budget a nonexclusive license in the Auto Rental System. See Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 558-59 (9th Cir.1990) (granting summary judgment to defendant on the basis of an implied license), cert. denied, 111 S.Ct. 1003 (1991); see generally 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 10.03[A], at 10-38 (nonexclusive license may be implied from conduct). In view of this conclusion, we need not consider Budget's defenses of waiver, estoppel, and entry into the public domain.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The parties agree that Kapust served as an independent contractor, but dispute whether she was the sole author of the system. We accept Kapust's version as true because the district court granted summary judgment against her. See Bishop v. Wood, 426 U.S. 341, 347 (1976)
 
 
 [2]
 In a recent statement, Kapust asserted that she did not consider herself capable of preventing Bluebird from dealing with Budget. At a previous deposition, however, Kapust admitted that she knew her rights and realized that she could have tried to block the deal. This recent contradiction of her prior sworn statement cannot create a genuine issue of material fact. See Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1410 (9th Cir.1987)